



**FILED**
**Oct 01, 2018**
**01:55 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Gerald C. Coon | ) Docket No. 2018-06-0018 |
| | ) |
| v. | ) State File No. 96917-2017 |
| | ) |
| Commercial Warehouse | ) |
| and Cartage, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

### Affirmed and Remanded – Filed October 1, 2018

In this interlocutory appeal, the employee sought temporary disability benefits and medical benefits arising from a work accident resulting in low back pain. Following an expedited hearing, the trial court denied the employee's request for benefits, concluding the employee had not presented sufficient evidence to show he is entitled to additional medical benefits or temporary disability benefits at this stage of the case. The employee has appealed. We affirm the trial court's order and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Gerald C. Coon, Portland, Tennessee, employee-appellant, pro se

Thomas W. Tucker, III, Nashville, Tennessee, for the employer-appellee, Commercial Warehouse and Cartage, Inc.

### Memorandum Opinion[1]

Gerald Coon ("Employee") was employed as a warehouse worker and order picker for Commercial Warehouse and Cartage, Inc. ("Employer").[2] While in the course and scope of his employment on September 22, 2017, he reported suffering back pain when a

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

safety lanyard malfunctioned while he was lifting a forty-pound box. Employee did not request or seek medical treatment that day. During the subsequent expedited hearing, the parties disputed the course of events culminating in Employee's medical treatment. Employee asserted he requested medical treatment on multiple occasions but Employer refused to provide such treatment. When treatment was ultimately arranged by Employer, the first provider he saw was a nurse practitioner. By contrast, Employer's witnesses apparently testified it provided Employee with multiple panels, including a panel of orthopedic specialists and a panel of primary care practitioners. According to one of Employer's witnesses, the primary care panel was intended to assist Employee in seeing a medical provider as quickly as possible, which was apparently why a nurse practitioner was the first provider seen.

In addition, the parties disputed the extent and nature of Employee's pre-existing low back condition and the occurrence of additional injurious events after the work accident. Employee acknowledged he had suffered a low back injury many years ago, but asserted he had fully recovered prior to the work accident. Employer alleged Employee had reported a history of on-going low back complaints for many years. Moreover, Employer identified several non-work-related events occurring after the work accident that it alleged caused or contributed to Employee's condition. In response, Employee asserted the subsequent events were manifestations of the symptoms caused by the work accident.

Lumbar x-rays completed December 11, 2017, revealed minimal scoliosis but no other abnormalities. A January 9, 2018 MRI revealed an L4-5 central disc extrusion and, two days later, Employee's primary care physician diagnosed lumbosacral radiculopathy at L5 with multilevel disc degeneration. Employee was eventually evaluated by Dr. Robert Carver, whom Employee chose from a panel provided by Employer. In his January 11, 2018 report, Dr. Carver concluded, "it does not appear that the presenting complaints arose out of his job duties." He released Employee to return to work.

Employee was apparently evaluated by Dr. Chine S. Logan, an osteopathic doctor with Nashville Neurosurgery Group.[3] In an April 28, 2018 letter, Dr. Logan noted Employee had a "long-standing history of chronic low back pain." He also noted that Employee complained of increased back pain and radicular pain after a "long shift at work," but the letter listed no date of accident and provided no description of a work accident. Dr. Logan concluded Employee "experienced a work related aggravation of a pre-existing lumbar spondylotic disease process."

---

[2] Neither party filed a transcript of the expedited hearing or a statement of the evidence. Therefore, we have gleaned the facts from the pleadings, exhibits, and the trial court's expedited hearing order.

[3] The record contains no medical reports from Dr. Logan, but does contain a "To whom it may concern" letter from Dr. Logan.

Thereafter, medical records were reviewed by Dr. William M. Gavigan, an orthopedic surgeon. Dr. Gavigan concluded that although Employee likely suffered a lumbar strain causally-related to the September 22, 2017 work accident, "there is not more than a 50% probability that the disc herniation occurred on 9-22-17."

Following the expedited hearing, the trial court declined to award either temporary disability benefits or additional medical benefits, concluding Dr. Gavigan's "more detailed opinion" was "most persuasive," and Employee had not shown he was likely to prevail at trial in proving his entitlement to additional medical benefits for his workplace injury. The trial court further noted Employee had failed to overcome the presumption of correctness attributable to the causation opinion of Dr. Carver, an authorized treating physician. Employee has appealed.

Employee did not file a transcript of the expedited hearing or a statement of the evidence and, therefore, we have been provided no means to review the testimony of any of the witnesses. Although the record on appeal includes medical records and other documentary evidence, because we have no record of the testimony of witnesses at the expedited hearing, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Furthermore, Employee has not filed a brief explaining how he believes the trial court erred. His notice of appeal states that the trial judge "erred in denying the employee benefits" and that the trial judge "erred by allowing medical records into the record without proper documentation." However, because we have no transcript of the expedited hearing, we do not know what, if any, evidentiary objections were made during the expedited hearing and how the trial court resolved any such objections. In short, Employee has not explained how he believes the trial court erred in denying benefits or admitting any documents into evidence.

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. Appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented

3

by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to search the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015). Therefore, the trial court's order is affirmed.

Finally, we note Employer has asserted Employee's appeal is frivolous, and Employer seeks sanctions for Employee's "continued bad acts," as well as "expenses, including reasonable attorney's fees." Upon careful consideration of the record, we deem Employee's appeal to be frivolous. A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). Stated another way, "[a] frivolous appeal is one that . . . had no reasonable chance of succeeding." *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015). While there is no indication Employee brought this appeal to delay his case, our review of the record and Employee's notice of appeal establishes that the appeal had no reasonable chance of succeeding. However, we exercise our discretion not to award attorneys' fees or other expenses at this time. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018). The trial court's decision is affirmed, and the case is remanded.

4



| | |
|---|---|
| Gerald C. Coon | ) Docket No. 2018-06-0018 |
| | ) |
| v. | ) State File No. 96917-2017 |
| | ) |
| Commercial Warehouse | ) |
| and Cartage, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 1st day of October, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Gerald C. Coon | | | | | X | coon_36@hotmail.com |
| Thomas W. Tucker, III | | | | | X | ttucker@veazeytucker.com |
| Joshua D. Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov